## DONALDSON *vs.* BEARD.

[SUMMARY PROCEEDING TO ESTABLISH DESTROYED JUDGMENT.]

1. *Parties and practice.*—Under the act of February 17, 1854, (Session Acts 1853–4, p. 218,) providing for the establishment of lost records and other papers which were destroyed by the burning of the court-house of Coffee county in 1851, a judgment of the circuit court may be established on the application of one claiming to be the assignee of the plaintiff's administrators; nor is it necessary, in such case, that the judgment should be revived before it is established; but it may be afterwards revived in the court in which it was originally rendered.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. C. W. RAPIER.

THIS proceeding, for the establishment of a judgment of the circuit court of Coffee county, in favor of James Beard against John Donaldson, was instituted before the probate court of said county, by John L. Benton and Joseph

Anderson, who claimed to be the owners of said judgment by assignment from the administrators of said Beard. The probate court having established the judgment, the proceeding was removed by the defendant to the circuit court, where judgment was again rendered against him, but for a different amount; and the rendition of this latter judgment is now assigned as error.

WATTS, JUDGE & JACKSON, for appellant, contended,—

1. That the administrators of the plaintiff could not institute proceedings for the establishment of the judgment, until they had revived it in their names.

2. That the proceeding could not be instituted by the assignees of the administrators.

3. That the judgment of the circuit court was not supported by the proceedings had before the probate court.

E. C. BULLOCK, and JAMES L. PUGH, *contra*, insisted,—

1. That the statute under which the proceeding was instituted, authorized any one, owning a lost or destroyed judgment, to have it established.

2. That the judgment could only be properly revived after it had been established.

3. That the judgment of the circuit court, being erroneous only in amount, would be here corrected, at the appellant's costs.

RICE, C. J.—This was a proceeding under the act of February 17th, 1854, (Pamphlet Acts of 1853–4, p. 218,) to establish before the judge of probate of Coffee county a judgment of the circuit court of that county, which had been destroyed by the burning of the court-house in said county, in March, 1851. The judgment was established by the judge of probate; and afterwards the defendant caused the proceedings to be removed into the circuit court, by *certiorari*. On the return of the *certiorari*, the circuit court rendered a new judgment, for a different amount, against the defendant in the destroyed judgment. There is nothing to warrant the new judgment thus rendered by the circuit court, and it must be reversed, and

held for naught. But the proceedings before the probate judge, which were carried by *certiorari* to the circuit court, are authorized by the act above referred to. Upon the return of the *certiorari*, the circuit court, instead of rendering the new judgment above mentioned, should have dismissed the *certiorari*, and ordered the probate judge to proceed according to law on the judgment rendered by him establishing the destroyed judgment; and as the circuit court should thus have proceeded, we shall do what it ought to have done.

It was not necessary to have the destroyed judgment revived, before proceeding to establish it under the aforementioned act. It can only be revived in the circuit court, where it was originally rendered; and now that it has been established under the act aforesaid, the proceeding to revive it may be commenced in the circuit court.

The judgment of the circuit court, for $244,52, is reversed, and judgment here rendered, dismissing the *certiorari*, and ordering the probate judge to proceed according to law on the judgment established by him. The appellant must recover the costs of the appeal to this court; but he must pay the costs of the court below.